IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MICHAEL MUCY,                                )
                                             )
            Plaintiff,                       )
                                             )
    vs.                                      )    Civil Action 2:20-1950
                                             )
TROOPER RICHARD NAGY and                     )
TROOPER ZACHARY WEBB,                        )
                                             )
            Defendants.                      )
                                             )

ORDER

On January 30, 2023, the Court filed an opinion (ECF No. 50) and orders (ECF Nos. 51, 52) that granted in part and denied in part cross-motions for partial summary judgment filed by Plaintiff and Defendants in the above-captioned case. Specifically, the Court ordered that Defendants' motion for partial summary judgment (ECF No. 35) be granted with respect to Count VII of the Amended Complaint (the state law malicious prosecution claim) and denied with respect to Count I (the First and Fifth Amendment retaliation claims). The Court further ordered that Plaintiff's motion for partial summary judgment be granted with respect to Count VI (the Fourth Amendment claims). Thus, Count I remains pending and a status conference has been scheduled to discuss the next steps of the case with counsel.

Plaintiff has now filed a motion titled "Plaintiff's First Petition for Attorney Fees and Costs" (ECF No. 54). In this motion, Plaintiff states that a motion for counsel fees was due by February 13, 2023, that is, within 14 days of the date the Court's order cited above. Therefore, he has documented his attorney's fees accumulated to date and seeks to have them reimbursed now.

The underlying premise of Plaintiff's motion is in error. Pursuant to Rule 54 of the Federal Rules of Civil Procedure, a motion for attorney's fees is due "no later than 14 days after the entry

of judgment." Fed. R. Civ. P. 54(d)(2)(B). The term "judgment" is defined as "any order from which an appeal lies." Fed. R. Civ. P. 54(a). But the order entered on January 30, 2023 is not an order from which an appeal lies, because it did not adjudicate all of the claims or all of the rights and liabilities of the parties in the case.

Moreover, Rule 54(b) explicitly provides as follows:

> When an action presents more than one claim for relief--whether as a claim, counterclaim, crossclaim, or third-party claim--or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities.

Fed. R. Civ. P. 54(b).

The Court has not directed entry of a final judgment as to any of the claims or parties in this case, nor has any party requested that such a judgment be entered. Therefore, the order filed on January 30, 2023 did not end the action as to any of the claims or parties. It was not a "judgment" and the 14-day clock for filing for attorney's fees did not begin to run. *See Elliott v. Archdiocese of New York*, 682 F.3d 213, 219 (3d Cir. 2012) ("an order which terminates fewer than all claims pending in an action or claims against fewer than all the parties to an action does not constitute a 'final' order for purposes of 28 U.S.C. § 1291" unless a district court converts it to a final order by entering an order under Rule 54(b).) "Certification of a judgment as final under Rule 54(b) is the exception, not the rule, to the usual course of proceedings in a district court." *Id.* at 220.

The time for Plaintiff to file a motion for attorney's fees will not begin to run until all of the claims and parties in the case are adjudicated. Therefore, the motion for attorney's fees will be denied as premature without prejudice to be reasserted at the conclusion of this case.

For these reasons, it is ORDERED Plaintiff's First Petition for Attorney Fees and Costs (ECF No. 54) is DENIED without prejudice.

SO ORDERED this 24th day of February 2023.

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge